UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  4:20-CR-531 HEA/PLC |
| | ) |
| LARRY VAUGHN RICHARDSON, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

This matter is before the Court on review of the record and on materials Defendant filed pro se that the Court now construes as motions to dismiss [ECF Nos. 27 and 47].  The Government charged Defendant Larry Vaughn Richardson, first by a complaint filed in August 2020 and then by an indictment filed in September 2020, with one count of knowingly possessing with intent to distribute more than 5 kilograms of cocaine on August 25, 2020, in violation of 21 U.S.C. § 841(a)(1).  Defendant has been represented by appointed counsel throughout these proceedings.[1]

Docket entries reflect that:  (1) Defendant participated in his initial appearance on the complaint, and he was released on bond at that time, see Aug. 26, 2020 Electronic Minute Entry [ECF No. 4]; and (2) at the rescheduled arraignment on the indictment, Defendant "decline[d] to be sworn or enter a plea[, and did] not consent to counsel entering a plea on his behalf," see Oct. 8, 2020 Electronic Minute Entry [ECF No. 29].[2]  The undersigned entered a plea of not guilty to

---

[1] Initially, Defendant was represented by the Federal Public Defender [ECF No. 6].  Since his appointment on November 19, 2020, a different attorney has represented Defendant [ECF No. 36].  Although Defendant does not have "a constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel," the Eighth Circuit does not prohibit the consideration of motions filed pro se by a defendant in a criminal case who is represented by counsel.  United States v. Williams, 557 F.3d 943, 951 (8th Cir. 2009) (internal quotation marks and citation omitted).

[2] Defendant's arraignment occurred initially on October 1, 2020.  See Oct. 1, 2020 Electronic Minute Entry [ECF No. 28].  In response to Defendant's "refus[al] to be sworn and . . . to enter a plea" during that proceeding, the

the single count of the indictment on Defendant's behalf.  Id.

On September 29, 2020, Defendant submitted pro se a document that was docketed, under seal, as a letter [ECF No. 27].  The first page of this thirty-one page document states in full:

> In Theory:  Abatement of Civil Actions by Notice the Action Must [be] Withdrawn by Plaintiff or Abated by the Court Due to Mistaken Identity of Alleged Defendant Proven by the Attached Declaration of Status of the Private American National/Non-"U.S. citizen" And Decree of a County Court of Record "Good Against All the World."

Id. at 1.  The Court construes this document as Defendant's original pro se "motion for abatement."  The document appears (from stamped information on each page) to have been "filed and recorded" in February 2020 in the Clerk's Office of the Lamar County, Georgia Superior Court.  Id.  The attached material includes:  (1) two pages, titled "Affidavit of Life and Name Proper Name of 'Larry Vaughn: Richardson'" and signed by "Larry Richardson," that appear to report Defendant's name as "Larry Vaughn: Richardson"; and (2) two pages that appear to be Defendant's birth certificate stating his name as "Larry Vaughn Richardson."  Id. at 8-9

On March 15, 2021, Defendant filed pro se a document, docketed as a "pro se notice of abatement," that is titled: "First Amendment [sic] Petition for Abatement" [ECF No. 47].  This four-page document appears to request the Court "to abate" the case due to the use of "a fictitious name, and misnomer" for "or mis-description of" Defendant as "LARRY VAUGHN RICHARDSON."  Id. at 2, 3.  More specifically, Defendant appears to argue that his name on the "instrument" (indictment) is improperly capitalized and includes a middle name that "is not recognized in law."  Defendant further contends that he is not named in the indictment but rather the indictment uses a "fictitious commercial name."

The Government filed a response to Defendant's pro se material [ECF No. 53], and

---

undersigned continued the arraignment until October 8, 2020 "to give [D]efendant time to discuss his case with counsel." Id.

2

Defendant filed a pro se "reply memorandum" to the Government's response [ECF No. 55; see also ECF No. 56].[3] Because Defendant filed an amended petition for abatement, the Court need not separately resolve matters presented in the original abatement material. In resolving Defendant's "First Amendment [sic] Petition for Abatement," the Court considers Defendant's pro se arguments, as noted above.

As an initial matter, the undersigned finds an "abatement" of an indictment is no longer a recognized form of pleading and a jurisdictional challenge to an indictment is now presented in a motion to dismiss.[4] Therefore, the undersigned considers Defendant's pro se arguments as seeking dismissal of the indictment for lack of jurisdiction.

Defendant's contentions are generally related or similar to "sovereign citizen" concepts.[5] With respect to challenges to a federal court's jurisdiction based on a defendant's alleged status as "a free, sovereign citizen," the Seventh Circuit has held, "the defense has no conceivable validity

---

[3] Defendant's pro se reply is titled: "In Reply: Memorandum In the Nature of an Affidavit with Points and Authorities and with Caveat" [ECF No. 55]. To the extent Defendant appears to challenge in his reply the jurisdiction of this Court, which according to Defendant "only has jurisdiction over corporations and other fictions" [ECF No. 55 at 19], the undersigned finds, as more fully explained in the text, that Defendant's arguments are frivolous. See United States v. Phillips, 326 Fed. Appx. 400, at *1 (7th Cir. 2009) (rejecting as frivolous the defendant's contention that the district court lacked personal jurisdiction over him "because he is 'a natural man, a Sovereign state born citizen, a private human being'"). Otherwise, Defendant's reply does not address matters presented in the Government's response but rather raises new issues or recharacterizes or restates issues Defendant previously presented. Under the circumstances, the undersigned declines to explicitly address the non-jurisdictional matters in Defendant's pro se reply. See e.g. United States v. Brazile, 4:18-cv-00056 SEP, 2020 WL 5534452, at *14 n. 4 (E.D. Mo. Sept. 15, 2020).

[4] See, e.g., United States v. Ponto, 454 F.2d 657, 660 (7th Cir. 1971) (en banc) (noting "a plea in abatement [which was available to] attack[] the indictment for reasons not apparent on [its] face," including "[m]isnomer of the defendant in the indictment," was abolished in 1946 and, in its stead, "the motion to dismiss the indictment under" Federal Rule of Criminal Procedure 12 was substituted).

[5] The Eighth Circuit has recognized "[s]overeign citizens [as] a loosely-affiliated group who believe the government in the United States operates illegitimately and outside the bounds of its jurisdiction." United States v. Barraza, 982 F.3d 1106, 1113 n.3 (8th Cir. 2020) (internal quotation marks and citation omitted) (alterations in original). The Eastern District of Missouri has noted that: "Sovereign Citizens . . . frequently object to the spelling of their name in capital letters and to references to the Court and other[s] . . . in all capital letters, some believing that all capital letters denotes a corporation, and that answering as a corporation subjects them to the illegitimate laws of the American judicial system." United States v. Reed, 4:12CR373 AGF (DDN), 2013 WL 11762139, at *4 (E.D. Mo. May 2, 2013) (internal quotation marks and citation omitted).

3

in American law." United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990); accord United States v. Garcia, 684 Fed. Appx. 589, at *1 (8th Cir. 2017) (unpublished per curiam decision) (finding without merit the defendant's challenge to the district court's "jurisdiction based on his assertion that he is a 'private, sovereign, flesh and blood man'"); United States v. Simonson, 563 Fed. Appx. 514 (8th Cir. 2014) (unpublished per curiam decision) (finding frivolous the defendants' sovereign citizen argument, among others); United States v. Jagim, 978 F.2d 1031, 1036 (8th Cir. 1992) (characterizing the defendant's sovereign citizen argument, among others, as "completely without merit, patently frivolous, and . . . rejected without expending any more of this Court's resources on their discussion"). The undersigned similarly rejects Defendant's arguments as frivolous and without merit.

Insofar as Defendant challenges the Court's jurisdiction due to the use of capital letters to state his name, that contention has been summarily rejected by other courts. See Payne v. Klida, No. 15-cv-14127, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016) (finding "there is no legal distinction between a capitalized and uncapitalized name in criminal matters"); United States v. McAtee, No. 5:13-CR-17, 2013 WL 3364452, at * 4 (N.D. West Virginia July 3, 2013) (referring to identical argument regarding the use of capital letters as "lack[ing] any basis in the law" and as "utter nonsense"); United States v. Hoodenpyle, No. 09-cr-00013-MSK, 2009 WL 1883919, at *1 (D. Colo. June 30, 2009) (concluding "[t]he [d]efendant is subject to the jurisdiction of this [c]ourt regardless of how his name is capitalized in any document"). Likewise, Defendant's attempt to differentiate himself from "LARRY VAUGHN RICHARDSON" on the basis that the latter is a "fictitious commercial name" is without basis. See United States v. Reed, No. 4:12CR373 AGF (DDN), 2013 WL 11762139, at *4 (E.D. Mo. May 2, 2013); see also United States v. Shine, No. 17-CR-0028(FPG)(JJM), 2018 WL 4627145, at *1 (W.D. N.Y. June 22, 2018) (identification of

4

parties by "using all capital letters . . . is the standard formatting for filings, and does not create a separate legal identity for the parties named" (internal quotation marks and citation omitted)); Klida, No. 15-cv-14127, 2016 WL 491847, at *3 (finding "nonsensical and false" the defendant's "distinction between the fictional, corporate entity [based on the spelling of his name with capital letters] and the human [based on the spelling of his name with only the first letters capitalized])."

As the Seventh Circuit has stated, "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily, however they are presented." United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011).  The undersigned agrees with the Seventh Circuit's assessment, and due to similar authority in the Eighth Circuit, summarily rejects the challenges Defendant pursues in his pro se materials.

Accordingly, after careful consideration,

**IT IS HEREBY RECOMMENDED** that Defendant Richardson's pro se "First Amendment [sic] Petition for Abatement" (construed as an amended motion to dismiss on jurisdictional grounds) [ECF No.  47, which amends ECF No. 27] be **DENIED**.

The parties are advised that they have **fourteen (14)** days to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in the waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Pretrial matters remain referred to the undersigned.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2021